## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

YEHUDIS PODOLSKY and SIMCHA
PODOLSKY, individually and on
behalf of others similarly situated,

Civil Action No.:

                    Plaintiff,

        -against-

JP MORGAN CHASE BANK, N.A.,

**CLASS ACTION
COMPLAINT FOR VIOLATIONS
OF THE TELEPHONE
CONSUMER PROTECTION ACT
AND BREACH OF CONTRACT**

                 Defendants.

-----------------------------------------------------------------X

Plaintiffs, YEHUDIS PODOLSKY and SIMCHA PODOLSKY ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for their Complaint against the Defendant, JP MORGAN CHASE BANK (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiffs bring this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

## PARTIES

2.      Plaintiffs YEHUDIS and SIMCHA PODOLSKY are residents of the State of New Jersey, residing at 106 Reagan Court, Lakewood, New Jersey.

3.      Defendant J.P. MORGAN CHASE BANK, N.A. is an Ohio corporation with an address located at 340 South Cleveland Avenue, Westerville, Ohio 43081-8917.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 47 USC §227 *et seq.* and 28 U.S.C. §2201.   If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

6.      Plaintiffs bring this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of themselves and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the TCPA, as of the date of Plaintiff's Complaint (the "Class").   Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information

and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the TCPA.

7.    This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

8.    The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the TCPA.

9.    The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

10.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the TCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

11.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12.   A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the TCPA, as codified by Title 47, Code §227.

13.   The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

14.   Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15.   A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16.   Plaintiffs will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

17.   Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling:  (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

18.    Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### FACTUAL ALLEGATIONS FOR TCPA

19.    Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20.    On April 18, 2015 Defendant began communicating with Plaintiff by means of telephone calls to Plaintiff SIMCHA PODOLSKY'S mobile telephone number 732 232 1073 attempting to communicate with his wife PLAINTIFF YEHUDIS PODELSKI. PLAINTIFF SIMCHA PODOLSKY IS NOT CONTRACTUALLY OBLIGATED BY CONTRACT WITH THE DEFENDANT FOR THE ACCOUNT THE DEFENDANT WAS CALLING ON AND THEREFORE IS NOT BOUND TO ARBITRATION.

21.    On April 18, 2015, Plaintiff SIMCHA PODOLSKI (hereinafter referred to as "SP") answered Defendant's call.

22.    A female representative of Defendant asked to speak with Plaintiff YEHUDIS PODELSKI (hereinafter referred to as "YP") and Plaintiff SP informed the caller that he was her husband.

23.    The female representative who did not identify herself stated that she was calling to advise YP that she had a payment due.

24.     Plaintiff SP replied that Plaintiffs were aware that a payment was due and thereafter Plaintiff SP requested that no telephone calls be made to Plaintiffs' mobile telephone in the future by means of automatic dialing.

25.     Defendant's female representative confirmed that Defendant would report Plaintiffs' request that no calls be made and the call concluded.

26.     Several days later Defendant placed a second call to Plaintiffs which call was answered by Plaintiff SP.

27.     Defendant's representative caller thereupon informed Plaintiff SP that his name was "Roger" and that he was calling as a "courtesy call" to inform Plaintiff that an account was ten (10) days past due.

28.     Plaintiff SP repeated his request that he did not want to receive any calls to his telephone by means of automatic dialing.

29.     "Roger" responded by saying that he was a live person and asked: "Do you prefer a live person calling you?"

30.     Plaintiff SP replied: "I prefer no one calls me."

31.     "Roger" replied: "I hear you. Do you want me to hold them off for a period of ten days or a month or so, if you could help me understand that, sir."

32.     Plaintiff SP stated that he did not want to receive any calls.

33.     "Roger" replied: "So you want me to completely hold off any communications to you by phone?"

34.     Plaintiff SP replied: "Correct."

35.    "Roger" responded by saying, "I respect that. Definitely I'll make a note of that, we'll only communicate to you in writing, don't get me wrong, we are just calling to offer support and ensure that this isn't impacting your other credit cards or your credit bureaus or fees, that was the only intention."

36.    Several days later, Defendant placed a third call to Plaintiff which was answered by Plaintiff SP.

37.    A representative caller of Defendant identified herself as "Gloria Johnson" and stated that she was following up on a past due account.

38.    When Plaintiff SP stated that he was unable to make a payment at that time, Ms. Johnson stated that Defendant's account was 59 days past due and that Defendant had "hardship options" to assist in payment. Ms. Johnson asked, "Is there something that happened that you're unable to make a payment?"

39.    Plaintiff SP replied that it was "personal."

40.    Ms. Johnson stated: "I do have the note about the automatic dialing."

41.    Several days after the aforementioned telephone call in April, 2015, Plaintiffs began to receive automatically dialed telephone calls from Defendant at a rate of one per day which amounted to thirty (30) calls.  Plaintiffs realized the calls were automatically dialed because when the calls were answered, there was silence on the line.

42.    Defendant's auto-dialed telephone calls originated from telephone numbers 847 426 9145, 847 426 9209 and 210 520 0004. Copies of screenshots

indicating Defendants' calls to Plaintiff from the aforementioned numbers are attached hereto as Exhibit "A."

## FACTUAL ALLEGATIONS FOR BREACH OF CONTRACT

The Existence of a Contract

43.     Defendant entered into a contract with Plaintiff SIMCHA PODOLSKY by opening bank checking accounts, in particular account ending in numbers 0714, 6608 and 9210.

44.     Defendant entered into a contract with Plaintiff YEHUDIS PODOLSKY by opening bank checking accounts, in particular account ending in numbers 6306 and 3600.


Performance by the Plaintiff

45.     During the course of the contract, Plaintiffs conducted banking business with Defendant according to the contract.

46.     On April 18, 2015 Defendant began communicating with Plaintiffs by means of auto-dialed telephone calls to Plaintiffs' mobile telephone number 732 232 1073.

47.     Plaintiff requested that Defendant cease their telephone calls and when Defendant failed to cease autodialed calls to Plaintiff's mobile telephone, Plaintiffs sought representation with the undersigned attorney on or about October 15, 2015 for redress of violations by Defendant of the Telephone Consumer Protection Act (TCPA).

48.     A copy of the undersigned's letter of representation to Defendant and complaint dated October 28, 2015 is attached hereto as Exhibit "B"

Breach by the Defendant

49.     On November 7, 2015, Defendant's "Fraud Department" sent an electronic communication to Plaintiff SIMCHA PODOLSKY, a copy of which is attached hereto as Exhibit "C," which stated: "**We're writing to confirm that you requested the address on your Chase account ending in 0714 be changed to:**

C/O M HARVEY REPHEN

708 THIRD AVE 6TH FLOOR

NEW YORK, NY 10017

50.     Pursuant to Exhibit "C," at no time did either Plaintiff or the undersigned request that Plaintiff's address be changed to that of the undersigned.

51.     On November 7, 2015, after receiving Defendant's communication, Plaintiff SIMCHA PODOLSKY placed a telephone call to Defendant and was connected to an employee of Defendant who identified herself as "Sydney."

52.     Plaintiff stated that he did not authorize a change of address and wanted his credit card address to remain as his home address pursuant to his contract with Defendant.

53.     "Sydney" asked Plaintiff if he was going through litigation or bankruptcy and Plaintiff confirmed same but asserted that the litigation did not change the address where Plaintiff would receive communications from Defendant and that Defendant's

notice was deceptive in stating that Plaintiff had requested a change of address which Plaintiff at no time authorized.

54.     "Sydney" stated: "We are not able to contact you directly. It is against the law for us to call you or send you anything if you have retained an attorney because we can get sued for that."

55.     Plaintiff protested that his bank account was not in any litigation.

56.      "Sydney" responded by saying "I'm not certain where that falls or where the separation should be."

57.     Plaintiff stated that he never authorized a change of address for his account.

58.     "Sydney" replied, "It was authorized by someone you asked to represent you, since your attorney is a representation of you because you have retained them," and thereafter refused to restore Plaintiff's correct address.

59.     On November 9, 2015, following Plaintiff SIMCHA PODOLSKY's telephone conversation with Defendant of November 7, 2015, Defendant's "Fraud Department" wrote to Plaintiff SIMCHA PODOLSKY by letters dated November 9, 2015 which referenced Account number ending 6608 and Account number ending 9210 and stated: "Thank you for contacting us to update the address on your account."

60.     On November 9, 2015, Defendant's "Fraud Department" wrote to Plaintiff YEHUDIS PODOLSKY by letters dated November 9, 2015 which referenced Account number ending 3600 and Account number ending 6306 and stated: "Thank you for contacting us to update the address on your account."

Resulting Damages

61.     Defendant fundamentally breached the contract and agreement upon which Plaintiff relied by failing to honor said contract by failing to communicate account information regarding Plaintiff's account with Plaintiff.

### FIRST CAUSE OF ACTION
### *(Violations of the TCPA)*

62.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "61" herein with the same force and effect as if the same were set forth at length herein.

63.     According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), any person within the United States or any person outside the United States, if the recipient is within the United States, is prohibited from using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call.

64.     With the autodialer calls to Plaintiff's SIMCHA PODOLSKY telephone commencing on or about April 1, 2015 and continuing at a rate of up to thirty (30) times

thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

65.     The Defendant, having been informed that Plaintiff SIMCHA PODOLSKY requested that no further calls be made, Defendant willfully violated the TCPA at least thirty (30) times.

66.     Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

67     Defendant is in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of communications despite Plaintiff's clear and unequivocal request that such automatic calls cease on April 18, 2015.

68.    Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## SECOND CAUSE OF ACTION
### *(Violations of the FDCPA and the Dodd-Frank Act)*

69.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "68" herein with the same force and effect as if the same were set forth at length herein.

70.    According to the Consumer Financial Protection Bureau Bulletin 2013-07, "Under the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), all covered persons or service providers are legally required to refrain from committing unfair, deceptive, or abusive acts or practices (collectively, UDAAPs) in violation of the Act."  Section "A" of the CFPB Bulletin 2013-07 defines deceptive acts to include: **"Misrepresenting whether information about a payment or non-payment would be furnished to a credit reporting agency."**

71.    Defendant violates the Dodd-Frank Act Section "A" by instructing, training and/or sanctioning statements which include a veiled threat made by Defendant's representative, "Roger," that: "…we are just calling to offer support and ensure that this isn't impacting your other credit cards or your credit bureaus or fees, that was the only intention."

## THIRD CAUSE OF ACTION
### *(Breach of Contract)*

72.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "71" herein with the same force and effect as if the same were set forth at length herein.

73.     Defendant's refusal to abide by the terms of the contract under which Plaintiffs relied for receipt of account information constituted a Fundamental Breach of Contract under New Jersey Common Law.

74.     Defendant breached their contract with Plaintiffs by making deceptive and untrue statements and assertions (Exhibits "C" and "D") that Plaintiffs requested and authorized a change of address on their banking accounts with Defendant when no such authorization occurred.

75.     As a result of Defendant's violations of New Jersey Common Law of Breach of Contract, Plaintiffs were caused harm to their business.

76.     As a result of Defendant's violations of New Jersey Common Law of Breach of Contract, Plaintiffs have suffered distress and anxiety by Defendant deliberately and unfairly placing obstacles to Plaintiffs' ability to receive mailed communications and thereby conduct business and Plaintiffs are entitled to $50,000 in damages in accordance with the New Jersey Common Law.

## DEMAND FOR TRIAL BY JURY

77.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A.    For actual damages provided and pursuant to 47 USC §227 et. seq.;

B.    For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA;

C.    A declaration that the Defendant's practices violated the TCPA;

D.    For actual damages provided and pursuant to New Jersey Common Law of Breach of Contract;

E.    For statutory damages provided and pursuant to New Jersey Common Law of Breach of Contract;

F.    For attorneys' fees and costs provided and pursuant to New Jersey Common Law of Breach of Contract;

G.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  June 27, 2016

Respectfully submitted,

M. HARVEY REPHEN & ASSOCIATES, P.C.
By  Edward B. Geller, Esq.
*Of Counsel*
*15 Landing Way*
*Bronx, New York  10464*
*Tel: (914)473-6783*

*Attorney for the Plaintiffs* YEHUDIS and SIMCHA
PODOLSKY

To:    JP Morgan Chase Bank N.A.
       Court Orders and Levies Dept.
       340 S. Cleveland Avenue
       Westerville, Ohio 43081-8917

       *(Via Prescribed Service)*

       Clerk of the Court,
       United States District Court, District of New Jersey
       Clarkson S. Fisher Building & U.S. Courthouse
       402 East State Street Room 2020
       Trenton, New Jersey 08608

       *(Via Electronic Court Filing)*